# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHRISTINA MARTINEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE LIQUOR and CANNABIS BOARD, a Washington Agency, JUSTIN NORDHORN, Chief Examiner in his individual and official capacity, SANDY BROWN, Cannabis Agent, in her official and individual capacity, JANE/JOHN DOE, Supervisor of Sandy Brown, in her/his official capacity and individual capacity, GOVERNOR JAY INSLEE, in his official capacity, BOB FERGUSON, in his official capacity,<br><br>          Defendants. | CASE NO. C18-5593 RJB<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE |

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(6). Dkt. 22. The Court has considered the pleadings filed regarding the motion and the remainder of the file herein.

On July 25, 2018, Plaintiff, *pro se*, filed an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1. Plaintiff also filed a proposed complaint and a motion for preliminary injunction. Dkts. 1-1 and 1-2. Plaintiff's application for IFP and motion for a preliminary injunction were denied on July 31, 2018. Dkt. 3. Plaintiff paid the filing fee on August 1, 2018.

ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE- 1

On September 26, 2018, the undersigned granted the Defendants' motion to dismiss the following claims: (1) Plaintiff's claims for damages against the State of Washington, LCB, Governor Jay Inslee, and Attorney General Bob Ferguson, in their official capacities, as barred by the Eleventh Amendment and because they are not "persons" within the meaning of § 1983 and (2) Plaintiff's claims for violation of her due process rights asserted against all Defendants. Dkt. 21. That order did not address Plaintiff's newly pled claim for violation of her equal protection rights. *Id.* It also denied, without prejudice, Defendants' motion for the Court to decline jurisdiction over the state law claims and dismiss those claims without prejudice. *Id.* That order noted that the remaining claims in this case are Plaintiff's equal protection claim and state law claims asserted against LCB employee Sandy Brown and "John or Jane Doe," Sandy Brown's supervisor. *Id.*

On October 4, 2018, the Defendants filed the instant motion to dismiss (Dkt. 22), seeking dismissal of all remaining claims, and sent the Plaintiff a Notice of Dispositive Motion (Dkt. 23).

## I. FACTS AND PENDING MOTION

The facts and procedural history are in the September 26, 2018 Order, and are adopted here, by reference. Dkt. 21, at 1-5. A portion of that Order related to the allegations in the Amended Complaint is repeated here for ease of reference:

> In the First Amended Complaint, Plaintiff alleges that after Washington voters voted to legalize recreational marijuana, the Washington administrative rules that were put in place to regulate the marijuana industry are ineffective and have assisted in the diversion of massive amounts of marijuana into the black market. Dkt. 20, at 2-3.
> Plaintiff alleges that Defendant Governor Jay Inslee and Washington State Attorney General Bob Ferguson have "made repeated public statements vouching for the State's recreational marijuana regulatory model, boasting of its robustness and how recreational marijuana is tightly regulated and is not diverted out of state or to public schools." Dkt. 20, at 3. Statements which the Plaintiff contends "are inaccurate." *Id*. She asserts that "[o]verproduction and diversion are common within the recreational marijuana industry." *Id.* Plaintiff states that, in this case, she "is challenging the State's implementation, oversight, and policies of their marijuana industry that allows money laundering, fraud, diversion, inversion and

overproduction that has allowed marijuana and concentrate to end up in schools." *Id.,* at 6. She asserts that Defendants' policies have "created dangerous driving conditions for Plaintiff . . . [because she and others] are sharing the road with stoned kids, which has also infringed on Plaintiff's right to freedom of movement." *Id.*, at 7.

Plaintiff further states that she is an I-502 licensee applicant to allow her to produce, process and/or sell recreational marijuana. Dkt. 20, at 9. She claims that in early 2015, Defendant Sandy Brown, (Plaintiff's "liquor agent") and Ms. Brown's supervisor, permitted Plaintiff to add an investor to her application. *Id.,* at 9. Plaintiff states that in December of 2015, she discovered that her investor was involved in a money laundering scheme, where the investor submitted fraudulent documents to the LCB and lied to Ms. Brown about the origins of his funds, which were really generated from selling "shares of the I-502 application to hidden investors and that cash had been generated from organized crime activity." *Id.,* at 9-10. Plaintiff states that Ms. Brown and the LCB "did not require Plaintiff's investor to provide proof that his cash was actually from medical marijuana sales, but rather instructed the investor to report the cash to the department of revenue and pay back taxes on the cash." *Id.,* at 10. She alleges her investor reported the income to the department of revenue, paid the taxes, "thus having the state launder the dirty cash for the investor." *Id.*

Plaintiff asserts that her investor was using the laundered cash for his black market marijuana grow and hash oil production facility. Dkt. 20, at 11. She maintains that on December 10, 2015, she reported her investor's activities to Ms. Brown. *Id.* Plaintiff asserts she told Ms. Brown that she wanted the information to "remain confidential for personal security reasons," and alleges that Ms. Brown agreed. *Id.*

Plaintiff alleges that rather than keeping Plaintiff's information confidential, Ms. Brown (or Ms. Brown's supervisor named here as "John or Jane Doe") told Plaintiff's investor what Plaintiff said about his money laundering scheme. Dkt. 20, at 11. Plaintiff states that on December 14, 2015, her investor came to her house, threatened her and demanded that she withdraw her statements to Ms. Brown. *Id.,* at 12. She did. *Id.* Plaintiff asserts that Ms. Brown should have known that after she disclosed the confidential information from Plaintiff to the investor, Plaintiff's email withdrawing the statements was done under duress. *Id.*

Plaintiff asserts that from 2011 to 2016, she knew of and reported instances of growers diverting marijuana to the black market. Dkt. 20, at 13-15. She asserts that the LCB either did not investigate, or the investigation was inadequate because those growers are still in business. *Id.* Plaintiff also alleges that Defendant Justin Nordhorn, an official with the LCB, wants to create a self-reporting amnesty program "to lighten his work load," because "he has received too many compliance complaints." *Id.*, at 17.

Dkt. 21. As stated above, Plaintiff's remaining claims are claims against: (1) LCB employees Sandy Brown and Ms. Brown's supervisor for violation of her equal protection rights for not keeping her reporting of her investor's activities anonymous under 42 U.S.C. § 1983; and (2)

ORDER GRANTING MOTION TO DISMISS AND
DISMISSING CASE- 3

state law claims against LCB employees Sandy Brown and her supervisor for intentional and negligent infliction of emotional distress. Dkt. 20.

Plaintiff seeks monetary damages and declaratory relief related to claims that have now been dismissed. *Id.,* at 32-33.

## II. DISCUSSION

A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

### A. STANDARD ON MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12 (b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any

jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B. EQUAL PROTECTION CLAIMS ASSSERTED AGAINST LCB EMPLOYEES BROWN AND "JOHN OR JANE DOE," BROWN'S SUPERVISOR

Plaintiff asserts a claim against LCB employees Sandy Brown and Brown's supervisor for violation of her equal protection rights for not keeping her report of her investor's activities anonymous. Dkt. 20. Plaintiff asserts that she was treated differently than others who report violations, and that the disclosure of her report was "done with ill will and animus in an effort to silence Plaintiff's allegations of the state laundering case." *Id.*

The Equal Protection Clause provides that, "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "The Equal Protection Clause ensures that 'all persons similarly situated should be treated alike.'" *Engquist,* at 992. To succeed on a "class of one" claim, Plaintiff must demonstrate that Brown or her supervisor intentionally treated Plaintiff differently than other similarly situated people, without a rational basis, and that Plaintiff was damaged as a result. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

Although Plaintiff alleges that she was intentionally treated differently than other people who reported violations, Plaintiff's claim should be dismissed because she fails to allege that Defendant Brown (or her supervisor) did not have a rational basis for discussing Plaintiff's concerns about the application (and their eligibility) with Plaintiff's partner on the application. Her supposition that the Defendants were otherwise motivated is insufficient. Further, Plaintiff's claim for equal protection should be dismissed because she failed to allege that she was damaged as a result of Ms. Brown or her supervisor's conduct. Plaintiff states that her investor yelled at her and threatened her almost three years ago. She does not allege that anything else happened. She does not assert that adverse state action was taken against her. She fails to show that she was damaged in a manner cognizable under the law.

To the extent that Plaintiff seeks to hold Defendant Brown's supervisor liable, not for the supervisor's actions, but in her capacity as supervisor, the equal protection claim should also be dismissed. "Liability under section 1983 arises only upon a showing of personal participation by the defendant," and not in their capacity as a supervisor. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to allege sufficient facts to support her equal protection claim against any of the defendants. This claim should be dismissed.

## C. QUALIFIED IMMUNITY – EQUAL PROTECTION CLAIMS ASSSERTED AGAINST LCB EMPLOYEES BROWN AND "JOHN OR JANE DOE," BROWN'S SUPERVISOR

Defendants in a Section 1983 action are entitled to qualified immunity from damages for civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Harlow v. Fitzgerald*, 457 U.S. at 815.

In analyzing a qualified immunity defense, the Court determines: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, No. 14-939, 2015 WL 2464055, at *2 (U.S. June 1, 2015). While the sequence set forth in Saucier is often appropriate, it is longer mandatory. *Pearson*, at 811.

The individual Defendants did not violate Plaintiff's equal protection rights. Further, even if they had, the Plaintiff points to no authority that demonstrates that the Defendants' alleged actions here – talking with the Plaintiff's investor about information the Plaintiff indicated that she wanted kept confidential when they did not do so with other people who complained - was a violation of a clearly established right under the equal protection clause. Moreover, there is no showing that the right to be free from fear of an unspecified future harm by a third party is "clearly established" in the circumstances here. The Defendants are entitled to qualified

immunity unless existing case law "squarely governs" the case. *Mullenix v. Luna,* 136 S.Ct. 305, 309 (2015). The Plaintiff does not point to any. Her citation to general cases about the equal protection clause are not sufficient. Accordingly, the Defendants are entitled to qualified immunity.

**D. STATE LAW CLAIMS**

The Defendants move for dismissal of the state law claims, arguing that the federal claims should be dismissed, and so the Court should decline to exercise supplemental jurisdiction on them.

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over a state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. As above, all Plaintiffs' federal claims have been dismissed. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1); complex issues for which the state court is uniquely suited. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by

this Court declining jurisdiction. Further, the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001. All remaining state law claims should be dismissed without prejudice.

**E. LEAVE TO AMEND**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

In this case, a third attempt by Plaintiff to amend the complaint to attempt to state an equal protection claim would be futile. Plaintiff has already been informed of the deficiencies in the complaint regarding her various claims, in particular her failure to show that she has been damaged as a result. Plaintiff has already filed an amended complaint, which was again insufficient. Plaintiff should not be afforded leave to amend her complaint a third time in order to try again.

**F. CONCLUSION**

Defendants' motion to dismiss (Dkt. 22) should be granted and Plaintiff's federal constitutional claim for violation of the equal protection clause should be dismissed. Further, the Court should decline to exercise supplemental jurisdiction and to dismiss the state law claims without prejudice. Plaintiff should not be afforded a third opportunity to amend her complaint to try and plead additional claims. This case should be closed.

**III. ORDER**

Accordingly, it is hereby **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 122) **IS GRANTED**;
  - Plaintiff's federal constitutional claim for violation of the equal protection clause **IS DISMISSED**;

- Plaintiff's state law claims **ARE DISMISSED WITHOUT PREJUDICE;** and
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of November, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION TO DISMISS AND
DISMISSING CASE- 10